J-S18006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH D. MARCY | : | |
| | : | |
| Appellant | : | No. 1450 MDA 2025 |

Appeal from the PCRA Order Entered October 1, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000671-2010

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: JULY 24, 2026**

Appellant, Joseph D. Marcy, appeals from the October 1, 2025 order entered in the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post-Conviction Relief Act[1] ("PCRA").  Appellant's PCRA counsel, Matthew P. Kelly, filed a petition to withdraw as counsel and an accompanying **Turner**/**Finley**[2] brief to which Appellant responded.  After review, we grant counsel's application and affirm the PCRA court's order.

The relevant factual and procedural history is as follows.  In February 2011, a jury convicted Appellant of Rape of a Child, Involuntary Deviate

---

[1] 42 Pa.C.S.§§ 9541-46.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Sexual Intercourse with a Child (two counts), Aggravated Indecent Assault of a Child, and Indecent Assault of a Person Less than 13 Years of Age. The crimes related to Appellant's sexual abuse of his daughter ("D.M."), who was seven when she testified at trial. In September 2011, the trial court imposed an aggregate sentence of twenty to forty years of incarceration.

In July 2012, this Court affirmed the judgment of sentence. **Commonwealth v. J.D.M.**, 55 A.3d 149 (Pa. Super. 2012) (unpublished decision). Appellant's sentence became final on August 27, 2012, when he did not seek allowance of appeal in the Supreme Court. 42 Pa.C.S. § 9545(b)(3).

Despite his pending direct appeal, Appellant filed *pro* se a PCRA petition in June 2012 ("2012 PCRA"), which the trial court dismissed as premature. Upon return of the record from this Court, the trial court, *sua sponte*, reinstated the 2012 PCRA. In his *pro se* 2012 PCRA, Appellant did not raise D.M.'s recantation as an issue but attached a letter from a third party asserting that D.M. had recanted her testimony against Appellant.

In March 2013, PCRA counsel filed a supplement to the 2012 PCRA. This Court later designated the supplement as a timely PCRA petition ("2013 PCRA"), after concluding that the trial court did not have authority to reinstate the 2012 PCRA. In May 2014, counsel filed an "additional supplement," asserting the recantation claim for the first time. The PCRA court granted Appellant a new trial based upon the recantation testimony of D.M., then eleven years old.

In July 2016, this Court reversed the grant of a new trial and reinstated the judgment of sentence, concluding, *inter* alia, that the PCRA court did not have jurisdiction to address the May 2014 supplement in which Appellant first raised the recantation claim. ***Commonwealth v. Marcy***, 2016 WL 4893713 at *3 (Pa. Super. filed July 1, 2016) (unpublished decision). Appellant sought review in the Supreme Court, which the Court denied. ***Commonwealth v. Marcy***, 505 MAL 2016 (Pa. filed Nov. 22, 2016). Appellant additionally petitioned the federal court for a writ of *habeas corpus*.

On July 14, 2023, while proceedings pended in federal court, Appellant filed *pro se* the instant PCRA petition, which PCRA counsel supplemented. Appellant sought relief based upon a March 2023 podcast interview that D.M. gave to Michael Volpe ("Volpe Interview"), in which she again recanted her trial testimony, adding that her testimony had been coerced by a Children and Youth Services ("CYS") caseworker. D.M. also alleged that prior to trial she told then-Assistant District Attorney Jennifer Roberts, her CYS caseworker, and police officers that "Little Jay," Appellant's cousin, had molested her instead of Appellant. Appellant additionally asserted ***Brady***[3] violations based on the same allegations.

Following the denial of relief in federal court, the PCRA court held hearings during which D.M., then 22 years old, testified, in addition to

---

[3] ***Brady v. Maryland***, 373 U.S. 83 (1963).

Appellant and Attorney Roberts.[4]  On October 1, 2025, the PCRA court denied Appellant's PCRA petition.  It first concluded that, because Appellant filed his petition within one year of learning of the Volpe Interview, in which D.M. first claimed that CYS coerced her testimony, Appellant's facially untimely PCRA petition satisfied the after discovered fact exception to the PCRA's jurisdictional time bar.  PCRA Ct. Op. at 4-5.

Addressing Appellant's substantive claims based upon after discovered evidence and *Brady* violations, the PCRA court denied relief, finding D.M.'s testimony not credible.  *Id.* at 6-7.  Instead, the court found credible Attorney Roberts' testimony denying coercion of D.M.  *Id.* at 6.  Additionally, the court concluded that Appellant failed to demonstrate the requisite "miscarriage of justice" required for relief under a second or subsequent PCRA petition.  *Id.* at 7.

On October 17, 2025, Appellant filed a timely notice of appeal.  The PCRA court filed a statement in lieu of a Pa.R.A.P. 1925(a) opinion, attaching its October 1, 2025 opinion, without requesting a Rule 1925(b) statement.

In the *Turner*/*Finley* Brief, counsel presents the following two issues:

I. Whether exculpatory evidence by way of newly discovered evidence became available that would have changed the nature of trial ha[d] it been introduced.

II. Whether the Commonwealth committed a *Brady* violation in withholding exculpatory evidence.

_____

[4] At the time of the PCRA hearings, Attorney Roberts was an Assistant United States Attorney.

- 4 -

*Turner*/*Finley* Brief at 1.

We must "first determine whether [counsel's] brief meets the procedural requirements of *Turner*/*Finley*." *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. 2019). To comply with *Turner*/*Finley*, counsel must submit a brief (1) detailing the nature and extent of his review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' []brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). If counsel satisfies these requirements, this Court "then conduct[s] its own review of the merits of the case." *Id.*

Attorney Kelly met the requirements as he submitted a *Turner*/*Finley* brief, which he provided to Appellant along with his petition to withdraw, and informed Appellant of his right to proceed *pro se* or with new counsel. Accordingly, we turn to the merits of Appellant's claims.

In addition to the claims presented in the *Turner*/*Finley* brief, Appellant raises the following issues in his *pro se* response:

> 1. Did the Commonwealth violate the law a[c]cording to [*Brady*], by not informing or handing over statements from the Commonwealth's victim and sole eyewitness, [D.M.'s] initial statements when she stated several times she was assaulted by Jason "Little Jay" Wolfe?
>
> 2. Did the Commonwealth violate the law ac[c]ording to [*Brady*] by not informing or handing over statements from the Commonwealth's victim and sole eyewitness, [D.M.'s] initial

- 5 -

statements when she stated several times she was not assaulted by her father, [Appellant]?

3. [Were] [Appellant's] [c]onstitutional [r]ights violated by the Commonwealth withholding exonerating [***Brady***] material?

4. In light of the record as a whole, is it [c]onstitutional for the [Appellant's] wrongful conviction to stand in light of the [Appellant] proving he is actually innocent?

5. W[ere] [Appellant's] [c]onstitutional rights violated by the Commonwealth for using false and fraudulent testimony to obtain a wrongful conviction against an innocent citizen?

6. Did the PCRA Court abuse its discretion in allowing the trial testimony of the Commonwealth's victim and sole eyewitness [to] stand from when she was a child, but now as an adult she has vehemently and emphatically asserverated [sic] she was coached, coerced, and manipulated by Luzerne County [CYS] caseworker Holly Jones into naming [Appellant] as her attacker?

7. Did Judge Vough abuse his discretion by not recusing himself when he became aware that Jennifer Roberts (who was a prosecutor for ten years at the same courthouse as Judge Vough) was to testify and he would have to weigh her testimony?

8. Did Judge Vough abuse his discretion by not instructing counsel to file for a change of venue when he became aware that Jennifer Roberts (who was a prosecutor for ten years at the same courthouse as Judge Vough) was to testify and he would have to weigh her testimony?

9. Did Judge Vough abuse his discretion by not submitting reasons as to why he found Jennifer Roberts credible?

10. Did Judge Vough abuse his discretion by not submitting reasons as to why he found [D.M.], the Commonwealth's victim and sole eyewitness, not credible?

11. Did Judge Vough abuse his discretion and/or violate Pennsylvania Rules, Code of Judicial Conduct and/or Pennsylvania's and/or the United States Constitution by allowing Assistance District Attorney James McMonagle, specifically when questioning [D.M.], to bully her, use an intimidating presence and all but scream in her face while questioning her, because she did not say what he wanted her to say?

12. Was PCRA counsel ineffective for not seeking a change of venue when he became aware that Jennifer Roberts (who was a prosecutor for ten years at the same courthouse as Judge Vough) was to testify and Judge Vough would have to weigh her testimony?

13. Can a claim, upon which the crux of the case stands or falls on, be considered waived or improperly before the court if, [sic] the court misunderstood the facts pertaining to the issue causing a misapplication of law, resulting in the court never ruling on the merits of the issue?

14. The Commonwealth's victim and sole eyewitness assertively proclaims [Appellant] is completely innocent, [sic] Does the [Appellant's] continued incarceration a violation of Pennsylvania's Constitution under Article I § 13, "cruel punishment"?

Appellant's Response at i-ii. We focus our review on the issues raised in the

***Turner*/*Finley*** brief as Appellant's issues are either encompassed within the

claims raised by counsel or are waived and meritless.[5]

We review the denial of a PCRA petition to determine whether the record

supports the PCRA court's findings and whether its order is otherwise free of

_____

[5] Appellant's issues 1-6, 9, 10, and 14 are encompassed within the two issues raised by counsel and/or are meritless based upon this Court's acceptance of the PCRA court's credibility determinations.

Appellant's issues 7, 8, and 12 allege errors relating to recusal and change of venue which Appellant waived by failing to raise the issues in the PCRA court and are meritless as they allege bias based solely on the fact that Attorney Roberts worked in the same courthouse as the PCRA court judge. ***See*** Pa.R.A.P. 302(a).

Appellant waived issues 11 and 13 by failing to "support [his] claims with pertinent discussion, with references to the record[,] and with citation to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 2119 (a)-(c) (requiring division of argument "into as many parts as there are questions," and reference to the record and pertinent authorities).

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). In contrast, "[w]e review the court's legal conclusions *de novo*." ***Commonwealth v. Sanders***, 357 A.3d 480, 486 (Pa. Super. 2026) (citation omitted).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional prerequisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). To obtain relief under the PCRA, a petition must be filed within one year of the date the judgment of sentence became final or the petitioner must plead and prove at least one of the three exceptions to the time bar. 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. ***Id.*** at § 9545(b)(2).

Relevantly, the newly discovered fact exception requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" ***Id.*** at § 9545(b)(1)(ii). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and internal quotation marks omitted). After review, we agree with the PCRA court that Appellant satisfied the newly discovered fact exception because he

filed his PCRA petition less than one year after learning of the Volpe Interview, in which D.M. alleged for the first time that CYS coerced her trial testimony.

Thus, we address the merits of Appellant's substantive after discovered evidence claim, which requires Appellant to demonstrate the following:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence is not being used solely to impeach credibility; and (4) the evidence would likely result in a different verdict if a new trial were granted.

*Sanders*, 357 A.3d at 493. "[W]hen addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole." *Id.* "Unless the PCRA court is satisfied that the recantation is true, it should deny a new trial." *Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018) (citation omitted). "[A]n appellate court may not interfere with the denial or granting of a new trial where the sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion." *Commonwealth v. Loner*, 836 A.2d 125, 135 (Pa. Super. 2003) (*en banc)* (citation omitted).

Appellant claims that the record does not support the PCRA court's credibility determinations, asserting that the PCRA court did not set forth its reasons for finding Attorney Roberts credible and D.M. not credible. Appellant's Response at 2-4. He also claims that the PCRA court was biased

in favor of Attorney Roberts, because she worked for ten years in the same courthouse as the PCRA court judge. *Id.* at 7-8.

We reject Appellant's claims. Upon review of the August 2025 hearing transcript, we find no basis to reject the PCRA court's credibility determinations. Rather, we note that Attorney Roberts testified extensively to the training she provided to CYS and police officers at the time of the instant investigation regarding "child abuse investigation protocol," which she had created and which was contrary to D.M.'s allegation of coercion and bribery. N.T. PCRA Hr'g, 8/29/25, at 57-60. Moreover, Attorney Roberts denied any coercion or bribery relating to D.M. *Id.* at 61-62, 65, 72-73. Thus, we find that the PCRA court acted within its discretion in crediting Attorney Roberts' testimony.

In light of its credibility determinations, the PCRA court properly denied Appellant's after discovered evidence and *Brady* claims, which were premised upon Appellant's discredited allegations of CYS coercion of D.M.[6] As we reject Appellant's claims and find no other non-frivolous issues, we grant Attorney Kelly's petition to withdraw as counsel and affirm the PCRA court's order.[7]

_____

[6] "To succeed on a *Brady* claim, a defendant must show that: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1061 (Pa. Super. 2019) (citation omitted).

[7] Additionally, while we grant Appellant's July 20, 2026 "Request for Leave" to file his attached motion, we dismiss as moot the motion entitled "Notice to the Court and Request to Strike the Commonwealth's Filings[,]" as well as Appellant's nearly identical motion filed on July 14, 2026.

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026